UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TONEY SIMPSON,                          )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )       No. 4:17-CV-1632 RLW
                                        )
ST. LOUIS CITY CRIM. JUST. CTR.,        )
                                        )
            Defendant.                  )

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42
U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial
initial filing fee of $1.20, which is twenty percent of his average monthly deposit. *See* 28 U.S.C.
§ 1915(b). Additionally, this action is dismissed under 28 U.S.C. § 1915(e).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma
pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.
To state a claim for relief, a complaint must plead more than "legal conclusions" and
"[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere
conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must
demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."
*Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows
the court to draw the reasonable inference that the defendant is liable for the misconduct
alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff, an inmate at the St. Louis City Justice Center, brings this action against the "St. Louis City Criminal Justice Center." Plaintiff states that he "fears a physical injury" from the gnats flying in the showers in the Justice Center. He states that he believes that the gnats are unsanitary, and he would like the Court to award him monetary damages and make the Justice Center do something about the gnat problems in the shower stalls at the Justice Center. Although plaintiff states that he has a seizure disorder, he does not state that the gnats have caused him any difficulty with his seizures.

## Discussion

Plaintiff has not brought his action against a legally suable entity. *See Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."); see also, *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978) (To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation.).

Additionally, plaintiff has not alleged that he is suffering from a deliberate indifference to a serious medical need in violation of the Eighth Amendment. See *Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999) ("To prevail on an Eighth Amendment claim of deliberate indifference to serious medical needs, an inmate must prove that he suffered from one or more

objectively serious medical needs, and that prison officials actually knew of but deliberately disregarded those needs."). Furthermore, plaintiff has not properly alleged that he has been subjected to cruel and unusual conditions of confinement that have denied him the minimal civilized measure of life's necessities and that defendants were deliberately indifferent to an excessive risk to his health or safety. *E.g., Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995) ("Eighth Amendment does not absolutely bar placing an inmate in a cell without clothes or bedding."). As such, plaintiff's complaint is subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.20 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 25th day of July, 2017.

Ronnie L. White

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).

3